■ IRENE M. KROGH, Plaintiff, v K-MART CORPORATION, Respondent, and SEVENTEENTH ALBANY CORPORATION, Appellant. — Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered April 12, 1984 in Albany County, which, *inter alia,* modified a prior order of Special Term by directing defendant Seventeenth Albany Corporation to furnish a factual affidavit documenting its insurance coverage.

Plaintiff alleges that, on December 19, 1980, she slipped and fell on ice while entering premises leased by K-Mart Corporation (K-Mart). An action was commenced against K-Mart and Seventeenth Albany Corporation (17th Albany), the lessor. Issue was joined by service of an answer on behalf of K-Mart in September of 1981. K-Mart's answer set forth three separate cross claims against 17th Albany. The cross claims allege that by the terms of the lease between K-Mart and 17th Albany, the latter was responsible for the maintenance of the common areas of the shopping center where the alleged fall occurred. The lease also provided that if any judgment was obtained against K-Mart on account of injuries sustained while within the commons areas, 17th Albany was required to indemnify and save K-Mart harmless.

Thereafter, K-Mart served a demand for insurance information upon 17th Albany pursuant to CPLR 3101 (f). In response to K-Mart's demand, 17th Albany produced a policy issued by a company referred to as National Union. However, K-Mart was not an insured under the terms of this policy. It also appears that K-Mart obtained a certificate of insurance listing K-Mart

as an additional insured for the premises in question on a policy issued to 17th Albany by the Birmingham Fire Insurance Company of Pennsylvania. The date of plaintiff's alleged fall is within the coverage period of the Birmingham policy. When 17th Albany refused to produce the Birmingham policy, claiming it had been canceled, K-Mart moved for an order pursuant to CPLR 3124 and 3126 striking the answer of 17th Albany and granting judgment on one of the cross claims contained in K-Mart's answer. On April 11, 1983, Special Term granted K-Mart's motion to the extent that 17th Albany was directed to supply an affidavit documenting the cancellation of the Birmingham policy and the issuance of a replacement policy and documenting that K-Mart was entitled to coverage under the replacement policy.[*]

When 17th Albany failed to comply with Special Term's order, K-Mart moved anew for the same relief. Special Term denied K-Mart's motion and ordered that the insurance information be produced within 30 days of the service of the order with notice of entry. Further, Special Term modified its prior order by directing that the factual affidavit contain a recitation of whether 17th Albany "believed" that K-Mart is entitled to coverage. This appeal by 17th Albany ensued.

Disclosure of insurance information pursuant to CPLR 3101 (f) includes all policies in force on the date of plaintiff's accident. The primary motivation for this kind of disclosure provision is to facilitate and encourage settlement (*see, Kimbell v Davis,* 81 AD2d 855). Here, however, the record clearly shows that the attorneys for 17th Albany annexed to their affidavit in opposition to K-Mart's motion a letter from B.R.I. Coverage Corporation which advised that the "Birmingham Fire policy, SMP 150 83 21 * * * was originally written to cover the period from 1/31/79 to 1/31/82. However, it was cancelled as of 7/1/80 and rewritten under National Union's Policy GLA 127 48 84 for the period 7/1/80 to 7/1/81".

Since plaintiff's alleged fall occurred on December 19, 1980, the only relevant insurance is that contained in the policy issued by National Union. CPLR 3101 (f) clearly states that "[a] party may obtain discovery of the existence and contents of any insurance agreement under which any person * * * may be liable to satisfy part or all of a judgment which may be entered in the action". Clearly, the insurer which issued the canceled Birmingham policy cannot be liable to satisfy any judgment entered against K-Mart.

---

[*] 17th Albany filed a notice of appeal from this order. Since over nine months has elapsed since the order was entered and the appeal has not been perfected, it is deemed to have been abandoned (22 NYCRR 800.12).

Order modified, on the law and the facts, without costs, by reversing so much thereof as directed defendant 17th Albany Corporation to supply an affidavit documenting the cancellation of an insurance policy issued by the Birmingham Fire Insurance Company of Pennsylvania and documenting whether defendant Seventeenth Albany Corporation believed that defendant K-Mart Corporation was entitled to coverage, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.