■ LOUIS RZEPECKI et al., Respondents, v CIESLA ELECTRICAL CONSTRUCTION COMPANY et al., Appellants. [628 NYS2d 891] —Order unanimously reversed on the law without costs and motion denied. Memorandum: After a motor vehicle accident, plaintiffs brought this action to recover for personal injuries and damages. In the course of discovery, a question arose whether the insurance agent and automobile liability carrier of defendant Ciesla Electrical Construction Company (Ciesla) had negligently failed to obtain and issue excess insurance coverage on behalf of Ciesla. Supreme Court granted the motion of plaintiffs, brought under CPLR 3101 (f), to compel Ciesla to furnish information regarding the errors and omissions coverage of Ciesla's insurance agent and automobile liability carrier. We reverse.

CPLR 3101 (f) may not be used to compel a party to produce information regarding a non-party's errors and omissions in-

surance coverage. CPLR 3101 (f) provides that "[a] party may obtain discovery of the existence and contents of any insurance agreement under which any person * * * may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Any errors and omissions coverage of Ciesla's insurance agent and carrier would not be available to satisfy a potential judgment in this action (see, Krough v K-Mart Corp., 108 AD2d 966, 967), and that information is, therefore, not discoverable under CPLR 3101 (f).

Further, "[t]he primary motivation for [enabling discovery under CPLR 3101 (f)] is to facilitate and encourage settlement" (Krough v K-Mart Corp., supra, at 967). Because the insurance of a non-party is not directly available to satisfy a potential judgment against defendants, discovery concerning such coverage does not further the purpose of CPLR 3101 (f). (Appeal from Order of Supreme Court, Erie County, Glownia, J.— Discovery.) Present—Pine, J. P., Lawton, Wesley, Callahan and Boehm, JJ.